ALBANY,
August, 1820.

BANK OF AU-
BURN
v.
AIKIN.

PRESIDENT, DIRECTORS AND COMPANY OF THE BANK
OF AUBURN *against* AIKIN and WEED.

THIS was an action of assumpsit on a promissory note. The defendants pleaded two pleas, 1. Non assumpsit; 2. That the plaintiffs are not a body politic and corporate, &c. On the 12th of *June*, 1819, there was a replication to the *second* plea, that the plaintiffs are a body politic and corporate, and have a right to sue, &c. and this the plaintiffs pray may be inquired of by the country, &c. to which was added a *similiter;* and the said defendants do the like, &c. On the 26th of *June,* being the first day of the circuit, the defendants' attorney delivered to the plaintiffs' attorney, a demurrer to the replication; but without having struck out the *similiter,* or giving notice of striking it out. On the 1st of *July,* being the last day of the circuit, the plaintiffs, who had noticed the cause for trial at the Circuit, on the issues so joined, took an *inquest* by default. It appeared, that the demurrer was filed in the clerk's office on the 12th of *July.*

*Where the plaintiff adds the similiter to his replication, the defendant may demur without actually striking out the similiter, the demurrer being a sufficient notice for that purpose.*

*Nul tiel corporation is a good plea in bar, where the plaintiffs are sued by a particular name; and the plaintiffs must reply specially, shewing how they were made a corporation, where the act incorporating them, required certain things to be done before they could become a corporation.*

*Oakley,* (Attorney General,) for the defendants, now moved to set aside the inquest for irregularity. If the plaintiff has added the *similiter* to his replication, the defendant may strike it out and demur. (*Tidd's Pr.* 678.) In *Boardman* v. *Brunson,* (*Col. Cases,* 46.) this Court said, that where the demurrer was filed within the *twenty days,* according to the 9th rule *of April term,* 1796, it was not necessary to strike out the *similiter* from the plaintiff's replication.

*Nul tiel corporation* is a good plea in bar; *(Bro. Abr.* tit. *Corp.* 44. tit. *Misnomer,* 73. 22 *Edw.* IV. 34. 1 *Saund.* 340. *b. Viner Abr.* tit. *Corp.* p. 308. 316. 1 *Kyd on Corp.* 284.) and the plaintiffs must reply to such a plea. specially setting forth how they are a corporation. (1 *Kyd on Corp.* 284. *Gilb. Cases,* 253. *Cambridge University* v. *Crofts,* 44 *Assize,* 9. *Bro. Abr.* tit. *Corp.* 44.)

*Cady*, contra. In *Shultys* v. *Owens*, (14 *Johns. Rep.* 345.) the Court said, that the plaintiff was not bound to wait twenty days after the replication tendering an issue, to which the *similiter* was added, before noticing the cause for trial, to see if the defendant would demur or not; and that the practice of striking out the *similiter* and demurring, &c. was a fraud upon the rule of *April* term, 1796, which was intended merely to allow the party time to put in a demurrer *bona fide*. The demurrer in this case, was not filed until after the *nisi prius* record was made up and sealed.

*Per Curiam.* No doubt the plea was put in for delay; but we cannot say that the defendant had no right to plead such a plea. But the replication was bad. The plaintiffs ought to have replied specially, and shown how they were a corporation; for the act by which they are incorporated, requires certain things to be done before they can be a corporation. It is not necessary, actually, to strike out the *similiter ;* the demurrer is a sufficient notice for that purpose. (*Col. Cases*, 46.) The motion of the defendants must be granted, with costs, but the plaintiffs have leave to amend their replication.

Motion granted.