### FIRE DEPARTMENT OF NEW-YORK *vs.* KIP.

Where, for the violation of an act of the legislature, a *forfeiture* of goods and chattels is imposed, and a right to sue for such violation is given by statute, the right to the property does not *ipso facto* by the prohibited act being done, vest in the party to whom the property is given, but a proceeding in a *court of law* must be had *adjudging the forfeiture* and *declaring the party* entitled to the property.

And that such proceeding has not been had, may be objected even by the officer who seized the property under the initiatory proceeding, in an action against him by the party claiming to be entitled to the property as forfeit.

Where a *corporation* is created by statute which requires certain acts to be done before it can be considered *in esse,* such acts must be shown to have been done to establish the existence of the corporation; this rule does not apply to a corporation which is declared to be such by the very act of its incorporation, and which does not require any acts to be performed to give effect to its charter.

THIS was an action of *trover* tried at the New-York circuit in March, 1830, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The declaration was for a quantity of powder equal to 465 quarter casks of 25 lbs. each. The defendant pleaded the general issue. The powder in question was seized by the defendant on the 2d of February, 1826, on board of a sloop lying at the Albany basin, by virtue of a warrant issued by the mayor of New-York, for a violation of the statute, 2 *R. L.* 364, § 66, prohibiting gun powder exceeding 28 pounds in quantity to be kept less than one mile north of the city hall. The powder was deposited by the defendant in the state magazine, and on the 14th February, 1826, the mayor, the recorder and two aldermen, by writing under their hands and seals, adjudged and determined the same to be forfeited, and that it be appropriated and disposed of according to law. On the 1st April, 1826, the plaintiffs by their authorized agent demanded the powder of the defendant, who refused to deliver it unless indemnified by some *individual* security, refusing the bond of the plaintiffs under their corporate seal; whereupon the plaintiffs brought this suit. Besides shewing the above facts on the trial of the

cause, the plaintiffs read the acts constituting them a *body corporate* and continuing them as such until 1838, and also the act of 1st April, 1820, enacting that the *fines* and *penalties* imposed by so much of the act of 9th April, 1813, relative to the city of New-York as relates to the more effectual prevention of fires, shall and may be recovered with costs of suit, in any court of record *by the fire department* of the city of New-York for their own use. The plaintiffs having proved the value of the powder rested, and the defendant moved for a *nonsuit,* which being denied, the jury, under the charge of the judge, found a verdict for the plaintiffs for $1340,91. The defendant moves for a new trial.

*J. I. Roosevelt, jun. & P. A. Jay,* for the defendant. The plaintiffs ought to have been nonsuited for various reasons : *First.* This being an action founded on a *statute,* the plaintiffs should have set forth the same, or at least referred to it with due certainty in their declaration ; and also ought to have averred and proved that the action was brought within the two calendar months limited by statute. 1 *Chitty's Pl.* 358. 2 *East,* 339. 6 *Cowen,* 294. 1 *Phil. Ev.* 94. *Second.* The plaintiffs did not prove themselves a *corporation ;* besides producing the statute incorporating them, acts of *user* under the statute should have been shewn. *Third.* The plaintiffs failed in proving any forfeiture within the meaning of the statute, and did not shew the accruing of any right of action in themselves. After seizure of the powder, the municipal officers were authorized to *determine* the powder to be forfeited, but they had no authority to *adjudge* the forfeiture and to *award* it to any person or body corporate. That could be done only by a *court* having cognizance of the matter, before which the parties interested in the property might be heard. The proceeding was *in rem,* and the process should have been by information exhibted in the court of exchequer. 8 *T. R.* 536. 8 *East,* 568. There are cases where a forfeiture *ipso facto* changes the property, but there is nothing in this statute which warrants such a conclusion ; on the contrary, the statute contemplates a course of legal proceeding. Besides, by the act of 1813, 2 *R. L.* 364, § 66, the right to sue for the

*forfeitures* incurred by the keeping of gun powder is given to a *common informer;* and though by the act of 1820 it is declared that the *fines* and *penalties* imposed by so much of the act of 1813, as relates to the more effectual prevention of fires, may be recovered by the *fire department,* the right of suing for a *forfeiture* is not given to that department. Other objections to the plaintiffs' right of action were urged—not here noticed, because not passed upon by the court.

*D. Lord, jun.* for the plaintiffs. There was no necessity for referring in the declaration to the statute; this is not an action for a forfeiture or penalty under the statute, but a suit against an officer who withholds property, of which he became possessed by process of law from the party entitled to it. For the same reason, it was not necessary to aver or prove that the suit was brought within two calendar months, that limitation applying only to actions brought against the party committing the offence which the statute was intended to provide against. The proof that the plaintiffs were a body corporate was all that could be required; not only the original act of incorporation was exhibited, but a subsequent act of the legislature was shewn recognizing and declaring the plaintiffs to be such body corporate in fact and in name. The powder *ipso facto* was forfeited by being kept in a place prohibited, and at all events by the seizure, so far as this defendant is concerned in that question. No adjudication of any court was necessary to complete the forfeiture; the statute speaks of the recovery of *costs of suit,* but that must be understood to apply to cases where costs can be recovered as in suits for the penalty, and not for the forfeiture. By the act of 1820, the forfeiture was given to the plaintiffs; the language of the act is only that the *fines* and *penalties* imposed, &c. may be recovered by the plaintiffs, but its meaning undoubtedly is to transfer the remedy from a common informer to the plaintiffs. The same reason existed for giving the forfeiture to the plaintiffs that did for authorizing them to sue for fines and penalties. The forfeiture in this case is substantially a penalty. 11 *Johns. R.* 300. 5 *T. R.* 116. 5 *Mod.* 192. 9 *Cranch,* 404.

*By the Court,* SAVAGE Ch. J.    This is simply an action of *trover,* not involving the regularity of the proceedings of the mayor, recorder and aldermen, in their condemnation of the powder, but proceeding upon the ground that the powder became forfeited by being brought into a place prohibited ; and the property in it thereby became divested from the former owner, and vested *ipso facto* in the plaintiffs.

It is unnecessary to discuss all the points raised on the argument by the defendant's counsel.    As this is not a suit professing to be brought under the act, it was not necessary that the declaration should contain such an averment, nor that it should appear to have been commenced within two months.

That the plaintiffs are a *corporation,* was proved by the production of the statute declaring them to be so.    This case in that respect is different from those corporations created by statute, and to become entitled to corporate powers by something to be done by them *in futuro.*    In such cases, we have held that at least proof of *user* under the charter shall be produced ; but here the act declares that the plaintiffs are a corporation, and shall continue such until 1838.

The only point necessary to be discussed is, whether the title to the powder became vested in the plaintiffs by being brought into the prohibited place, or by the seizure ?    If such title accrues to the plaintiffs, it must be by virtue of some statute.    The first statute on this subject is found in 2 *R. Laws,* 364, § 66, which prohibits the keeping more than 28 pounds in any one place, &c. ; and declares that if any person shall keep any greater quantity than 28 pounds in any one place, he shall forfeit all such gun powder, and also the sum of $125 for every 100 weight of powder, to be recovered, with costs of suit, in any court having cognizance thereof, by *any person who will sue* for the same, provided all actions for violations of this section be prosecuted within two calendar months after the offence committed.    Had there been no statute but this, it is very clear to my mind that there must be a prosecution, and that such prosecution must be commenced within two months.    Such is the language of the act.    In that case,

the property would become forfeit by the act of keeping it contrary to law; but a proceeding in a court of law was necessary to give the former owner an opportunity of a legal investigation, and such prosecution must be brought within the limited period.    The act of 1820 has not changed the liabilities or the rights of the former owner; it has simply transferred the right to prosecute from *any person who will sue for the same* to the fire department, if indeed the fire department have a right to prosecute at all.    The act of 1820 declares that the fines and penalties imposed by so much of the law passed the 9th of April, 1813, as relates to the more effectual prevention of fires, shall and may be recovered, with costs of suit, in any court of record within this state by the fire department of the city of New-York for their own use.    It is denied by the defendant's counsel that the *forfeiture* of the powder is included in the terms *fines* and *penalties*.    It is not necessary to decide whether it is or not; but conceding that it is, the statute which gives the right to the plaintiff declares the manner of establishing that right, to wit, by prosecution in a court of record.    I apprehend the suit thus contemplated is not an action of trover, but an action upon the statute setting forth the forfeiture.    If these views are correct, the judge erred at the circuit, and a new trial must be granted; costs to abide the event.