By the Court,

Bronson, J.
The question whether there was only one, or whether there were four distinct buildings, was properly left to the jury. They found against the defendant, and whether that finding was either right or wrong, can not be made a question on a writ of error.
The objection that the plaintiffs did not prove themselves a corporation, was not taken on the trial. Had it been, they would probably have produced the statute, as was done in the case against Kip (10 Wendell, 266). The party can not make questions on a writ of error, which might have been answered if presented at the proper time.
The declaration states all the necessary facts to prove four several of-fences against the provisions of the statute (Laws, 1815, p. 158. §3. 4; Laws, 1819, p. 5, ch. 6). There can be no doubt that the plaintiffs might recover four penalties, if the defendant had in fact erected four distinct buildings, contrary to the statute; and that matter has been found against him by the verdict.
The only remaining objection that is now relied on, is, that the action was barred by the statute of limitations—not having been commenced within one year after the buildings were completed (1 R. L. 186, § 6). The substance of the provision, so far as it bears on this question, is, that actions for any forfeiture upon any penal statute, the benefit and suit whereof is or shall be by the statute limited or given to any person who shall prosecute for the same, shall be brought by any person who may lawfully pursue for the same, within one year next after the offence committed.' By the act of 1815, the penalty for building contrary to that statute, was to be recovered by the treasurer or chamberlain of the city, for the use of the poor thereof; and when recovered, was to be appropriated by the common council, in manner aforesaid. § 4. The act of 1819 provides, that the penalties may be recovered *136 hj the fire department of the city if New Yorh, for their own use. This is not the case of a penalty giren to any person who shall prosecute for [237] the same; but the penalty is given to a particular corporation—no one else having a right to sue. Construing the statute as .strictly as was done in Wilcox v. Fitch (20 Johns. R. 472), it is impossible to say that the action was barred. The ground would be more plausible should it be said that this case came within a subsequent clause of the statute, which provides for actions brought by the party aggrieved; but that would not answer the defendant’s purpose, for the limitation under that clause is not one, but three years.
Judgment affirmed.*

 The same question, whether the limitation of one year applies to a case of this kind, arose in the case of The same plaintiffs v. Ross, removed into this court by writ of error from the superior court of N. Y., and decided in May term, 1832. The -superior court in that case held, that the offence was complete and the penalty attached when the walls and roof were finished and coping put on, and no fire or party-walls erected, although the buildings were not rendered fit for occupation until afterwards; but that as the suit was not commenced within a year from that time, it was barred by the statute. This couft concurred in opinion with the superior court, that the penalty attached when the wiills and roof were completed and coping put on ; that the mischief which it was the object of the act to remedy or guard against, would then occur, viz., the danger of the spreading of fire, but differed in opinion as to the application of the statute; holding that the limitation of one year did not-apply, and they* accordingly reversed the judgment of the superior court which had bean rendered in Livor of the defendant.