## DE CLANCY STOUGHTON, JR. *v.* DANFORD MOTT.

A motion to dismiss a suit, for want of jurisdiction of the subject matter, is never out of time.

Where an officer seized a vessel and goods, under the law of Congress, passed March 10, 1838, and neglected to procure a warrant from the district court, within ten days, to justify the detention, as required by that act, it was held that the detention, after ten days, was wrongful, and that an action could be maintained in the state courts for such wrongful detention.

The United States courts alone have jurisdiction to decide the validity of seizures, made by officers of the United States, under the laws of Congress, where the proceedings are *in rem,* or where the action divests the officer of the possession of the property seized.

But, if an action is brought to recover damages for the taking, *it would seem* that it could be maintained in the state courts, and that both actions might be pending at the same time.

TRESPASS, for taking and carrying away plaintiff's sloop, called the General McComb, and a quantity of military stores, arms, &c. The defendant pleaded the general issue, and, after a trial and verdict for the plaintiff, the defendant filed the following motion to dismiss the suit, viz:

' And now the defendant, in his own proper person, comes ' before the court here, and insists that this court have no ju- ' risdiction of this cause, nor any legal power to hear, try, ' and determine the same, and that original, exclusive juris- ' diction of the same, and all legal power and right to hear, ' try and determine the same, is, by the constitution and ' laws of the United States, vested in the courts of the said ' United States, because, he says, that the said sloop, and all ' and singular, the said arms and munitions of war, in the plain- ' tiff's said declaration mentioned, were, on the 6th day of No- ' vember, 1838, at a place called Alburgh Springs, in the town ' of Alburgh, in Grand Isle county, in the state and district of ' Vermont, prepared and provided for a military enterprize ' against the territory of the province of Lower Canada, ' conterminous with the United States, with whom the said ' United States were and are at peace, contrary to the act of ' Congress, passed on the tenth day of March, 1838, entitled ' " an act supplementary to an act, entitled an act in addition ' to an act for the punishment of certain crimes against the ' United States, and to repeal the acts therein mentioned,

'approved the twentieth of April, 1818," and that said arms
'and munitions of war were then and there put on board
'of said sloop, and on the seventh day of the same Novem-
'ber, 1838, were transported in the same sloop from said
'Alburgh to a place called Rouse's point, in the town of
'Champlain, in Clinton county, in the state of New York,
'contiguous to the northern boundary of the said United
'States, and were about to pass the frontier of the United
'States, for a place called Odletown, within the said pro-
'vince of Canada, conterminous with the said United States,
'and that the character of said vessel, and the quantity of
'the arms and munitions of war on board the same, as
'aforesaid, did then and there furnish probable cause to be-
'lieve, and that, from the same, and other circumstances, this
'defendant did then and there believe, that the said vessel
'and the said arms and munitions of war were intended to
'be employed by the owners thereof, in carrying on military
'operations within the said province of Lower Canada, con-
'terminous with the United States, with whom the said Uni-
'ted States were and are at peace, contrary to the said act
'of Congress of the said tenth day of March, 1838, herein
'before mentioned; and that this defendant, on the same se-
'venth day of November, 1838, and long before, was, and
'and ever since has been, and still is, a deputy collector and
'inspector under Archibald W. Hyde, Esq., *collector of the*
'customs for the district of Vermont; and the said defend-
'ant, being deputy collector as aforesaid, and, by virtue of
'his office, an inspector of the customs, by virtue of his au-
'thority as such deputy collector and inspector, and in pur-
'suance of the said act of Congress, herein before recited,
'and mentioned, and in pursuance of the laws of the Unit-
'ed States, in that behalf made and provided, did, on the
'same seventh day of November, 1838, board the said sloop,
'then at Rouse's point, as aforesaid, and seize the said arms
'and munitions of war in the said sloop, then and there being,
'and, also, the said sloop, and brought the same to the shore,
'and then and there detained the same at said Champlain, un-
'til the decision of the President of the United States be had
'for the restoration of the same, or until the same should be dis-
'charged by the judgment of a court of competent jurisdic-
'tion, and that the taking, in manner and form as aforesaid,

'is the same taking of which the plaintiff, in his said de-
'claration, has complained, and none other. Whereupon,
'inasmuch as, by the constitution and laws of the United
'States, original, exclusive jurisdiction is vested in the courts
'of the United States, to hear, try, and determine, all ques-
'tions relating to the validity of the said seizure and deten-
'tion of the said sloop, and of the said arms and munitions
'of war, this defendant prays that this honorable court will
'take no further cognizance of this cause, and that this court
'order and direct that the cause be dismissed from the
'docket of this court.'

The plaintiff insisted that the motion was out of time, as
the defendant had pleaded the general issue, which admitted
the jurisdiction of the court; but the county court heard the
motion, as on demurrer, and, after the hearing, dismissed the
suit for want of jurisdiction.

The plaintiff excepted to the decision of the county court.

*O. Stevens*, for the plaintiff.

1. The defendant, by pleading to the merits of the action,
waived all questions as to the jurisdiction of the court; and
having once waived his right, he cannot afterwards assert it
in this suit. 3 Bl. Com. 301. 1 Chitty's Pl. 425, 7. Co.
Litt. 303. Gould's Pl. 231. Bac. Abr. Abatement, a.

2. The facts set forth in the motion to dismiss are insuffi-
cient, because the defendant does not show what other
court, if any, has jurisdiction of the subject matter.

The allegation, " that by the constitution and laws of the
United States, original, exclusive jurisdiction is vested in
the courts of the United States," &c. is too general; for, in
order to oust a court of general jurisdiction, he must show
what particular court has exclusive cognizance of the sub-
ject. 1 Chitty's Pl. 432. Gould's Pl. 237. 3 Mass. R. 26.
*Rex* v. *Johnson*, 6 East. 601. *Rust* v. *Roe*, 2 Burr. 1047.
*Mostyn* v. *Fabrigas*, Cowp. R. 172.

3. The defendant does not set forth in what district in the
United States he seized the sloop.

4. Nor does he show that he applied to the district judge
of the district court of the United States, within which such
alleged seizure was made, for a warrant to justify the deten-
tion of the sloop, as the statute requires. Without such

warrant, no officer was empowered to detain property so seized,, nor could the plaintiff apply to any United States court for the restoration of said property.    U. S. statute of March 10th, 1838.

5. In all cases of seizures, the jurisdiction of the United States courts extends, exclusively, only to the things seized, and if the officer has mistaken his powers, or acted contrary to law, he is liable, in an action of tort, at common law, which action, as in this case, must be brought before the state courts. And, when so brought, he cannot oust the state courts of jurisdiction, by showing that he acted as a United States officer.    *Slocum* v. *Mayberry*, 2 Wheaton, R. 1.    4 Cond. U. S. R. 4, 5.,

We admit that the decisions of the United States courts, in cases of seizure, are conclusive, and that their judgment cannot be reversed, directly or indirectly, by a state court. A judgment of the U. S. court, affirming the validity of a seizure, may be pleaded in bar to any suit against an officer, making such seizure ; and if a suit was pending in the United States courts, on the subject of forfeiture, it would be a good cause for the state court to continue the suit, until a decision should be made as to the forfeiture.    *Gelston* v. *Hoyt*, 3 Wheaton, 246.    4 Cond. R. 262, 270.

A state court cannot take the property seized out of the custody of the United States officer, yet the United States courts can only decide upon the legality or illegality of the seizure. No law compels the injured party to seek redress for the injury suffered, in consequence of such illegal seizure, in the U. S. courts. ` The common law courts alone afford the party redress, where the officer and claimant are, as in this case, citizens of the same state.    4 Cond. R. 4.    2 Wheat. 1.

The defendant, in this suit, can avail himself of any defence which he could make before the U. S. courts, and if the state court decide against any right, privilege, or authority, claimed by the defendant, under the laws of the U. S., he can, upon writ of error, have the same re-examined in the supreme court of the United States.

Suits against officers of the customs, for tortious seizures, have been brought and maintained before state courts, ever since the formation of our government, and the right of the party injured, so to seek redress, has not been questioned.

On the contrary, the right has been admitted by the same authority that the defendant now attempts to interpose in his behalf. We refer to acts of Congress, one passed Feb. 4th, 1815, entitled "an act to prohibit intercourse with the enemy, and for other purposes," and to the act of Congress, entitled "an act farther to provide for the collection of duties on imports and tonnage," passed March 3d, 1815. *Otis* v. *Watkins*, 9 Cranch, 339. *Otis* v. *Bacon*, 7 Cranch, 590. *Crowell et al.* v. *McFadden*, 8 Cranch, 94. *Gelston* v *Hoyt*, 2 Wheat. 246. 4 Cond. R. 262. *Otis* v. *Walter*, 2 Wheaton, 18.

By the 8th section of the first mentioned statute, and the 6th section of the last, it is provided that the defendant may remove his cause for trial, to the next circuit court of the U. S., and also allowing such officers to appeal from the decisions of state courts, to the circuit court of the U. S.

This shows, clearly, the views of the framers of those acts, as to the legal powers of the state courts.

Should the court dismiss the suit, the plaintiff is without remedy, as no other court has jurisdiction of the parties, and the subject matter.

*C. Adams*, for defendant.

The taking, in this case, being by virtue of a law of the United States, the legality or illegality of it can only be determined in the courts of the United States, and the state courts have no jurisdiction of the matter. Jud. Act. Sec. 9. (1 Laws U. S. 56.) Act 10th March, 1838. Act 20th April, 1818, sec. 6. (3 Laws U. S. 1696.) *Slocum* v. *Mayberry*, 2 Wheaton, 1. *Gelston* v. *Hoyt*, 3 Wheat. 246. *Ex parte Ferguson*, 9 Johns. 239. *Ex parte Roberts*, 2 Amer. L. J. 192. Act 18th Feb. 1793, sec. 27. (1 Laws. U. S. 297.)

A strong reason for this exclusive jurisdiction of the U. S. courts is found in the fact, that they only can give perfect protection to their officers, while acting in good faith in the discharge of their official duties. Act 24th Feb. 1807. (2 Laws U. S. 1047.)

The act of 10th March, 1838, is entitled to the most favorable consideration.

1. The obvious intent of it was, to preserve the peace of the nation.

*Margin:* GRAND ISLE, January, 1841.

Stoughton
v.
Mott.

GRAND ISLE, January, 1841.

Stoughton *v.* Mott.

2. It worked no forfeiture of the property, but, under circumstances of apparent danger, authorized the seizure and detention of it for a limited time, until the danger threatened should pass away.

3. In cases where the law works a forfeiture of the property, the question, whether forfeited or not, can only be determined by a proceeding *in rem*, and the courts of the states have no jurisdiction until the courts of the Union have decided that there was neither *forfeiture* nor *reasonable cause* for the seizure.

4. As the act of 10th March, 1838, worked no forfeiture, there could be no proceeding *in rem*, on the part of the officer seizing; but the claimant could bring the question, whether the seizure was authorized by the act, before the U. S. courts, and, on the decision of that question against the officer, he might ask for a certificate of probable cause. Act 10th of March, 1838, sec. 4.

5. The legality of the original seizure must be determined by the circumstances occurring at the time, and cannot be affected by the subsequent application for a warrant of detention. If the seizure was authorized, at the time of seizing, or there was *reasonable cause* for the seizure, there can be no action for the *taking*.

6. The seizure and detention are distinct acts, depending on different circumstances for their justification. The seizure might be justifiable, while the farther detention might not. This will be obvious by a consideration of the relative rights of the parties, after the act expired by its own limitation. The detention could no longer be justified, but no one, from that fact, would hold the original taking to be tortious.

7. If the owner claimed a return of the property, on the ground that no application had been made for a warrant, he should have applied for such return, accompanied by *prima facie* evidence of ownership.

But if he goes for an illegal taking, he must first obtain an order or decision, that the seizure was not authorized, according to the provisions of the 4th section, and that it was *without reasonable cause*, and, until these two things concur, the state courts have no jurisdiction.

The opinion of the court was delivered by

ROYCE, J.—The action is trespass for a sloop, seized by the defendant, as he alleges, under the act of Congress of March 10th, 1838, he being an officer of the United States, authorized and required to execute the provisions of that statute. The ground of the motion is, that exclusive jurisdiction of the subject matter belongs to the courts of the United States. I shall pass over those objections to the motion, which are merely formal and technical, as also the objection to the time of making it, on the ground, that a motion to the court need not be drawn up with the precision of a special plea, as it is enough if the facts, forming the basis of the application, be alleged ; and because an objection to the jurisdiction, in reference to the subject matter, is never out of time.

In one allegation, however, the motion is evidently incorrect. It is not true that the courts of the United States have any original jurisdiction of this action, (being the common law action of trespass,) although they may have jurisdiction to pass upon the legality of the seizure and detention. The motion might, therefore, be sustained, if at all, upon the ground that the right to decide upon the validity of the seizure and detention, belongs, exclusively, to the United States courts, and that such right necessarily excludes any common law action between the parties, until the legality of the seizure and detention shall first be settled by the appropriate tribunal.

That there is a primary jurisdiction in the United States courts, to decide on these subjects, which is frequently exclusive, is evident, not only from authority, but from the purpose and object to be attained by the seizure and detention. This is always the case, where the seizure is made on the ground of forfeiture.

And it is insisted that the doctrine should be the same, where the object is not a forfeiture, but a temporary detention of the property, to carry into effect the design of the act of Congress. It is not material to distinguish between the cases, and it is, at present, admitted, that in all cases, where the property is to be acted upon specifically, whether for the one purpose or the other, the jurisdiction to decide

upon the legality of the seizure does belong, exclusively, to the courts of the United States.

Whether this paramount jurisdiction shall operate to prevent the institution of an action at common law, founded upon the same seizure and detention, is a question not so clearly settled. If the action is of a character which necessarily goes to devest the possession, under the seizure, it cannot be sustained. Such was the case of *Slocum* v. *Mayberry*, (2 Wheat.) being replevin, which could not be instituted to effect, without retaking the property from the seizing officer. But if the action is an ordinary one, seeking merely to recover damages, there would seem to be nothing in principle to forbid the *pendency* of both suits at the same time. One is a proceeding *in rem*, the other *in personam*. They are commenced and prosecuted for different objects, which cannot be blended in either one of the suits.

However this point may finally be settled, there is another view which we think decisive of this case. The state courts have authority to judge of the apparent application of the United States law to the subject matter in controversy, as appears from the case of *Slocum* v. *Mayberry*, and *Gelston* v. *Hoyt,*

Here we must look into the statute, and see if this vessel was a description of property, liable, under any circumstances, to be seized under it. Or, if seized at all, whether, by the obvious terms of the statute, it was liable to be detained, and how long?

There is no doubt as to the liability of the vessel to be seized; but, it is expressly enacted, that, unless the seizing officer shall, within ten days, procure a warrant from the district court, to justify the detention, the property shall be forthwith restored; and all the subsequent provisions, as to the owner's application for relief, must be understood as going on the supposition that this warrant has been procured by the officer.

The present motion is silent, as to any such authority for detaining the vessel, and nothing can be intended to oust the court of jurisdiction. It follows, that the detention became wrongful, after the ten days, though the seizure may have been right at first. Whether the remedy should be sought by trespass, or trover, is a question relating to the

*form* of the action, but cannot affect the jurisdiction of the state courts.

The judgment of the county court is reversed, and the motion to dismiss overruled.