By the Court :
By section 8 of the act of March 13,1856, “ concerning notaries public and commissioners, and prescribing their duties,” (S. & C., 875) it is provided that “ each notary public, duly appointed, commissioned and qualified, shall have power, within the county in which he may reside * * #»to take and certify to all acknowledgments of deeds, mortgages, liens, powers of attorney, and other instruments of writing,” etc.
Section 63 of the general corporation act of 1852, as amended April 12,1858, provides, in regard to the creation and regulation of manufacturing companies, that the certificate certifying the amount of capital stock, name, &c., “shall be acknowledged, certified,” &c., ****** “as is provided in the second section of .the' act to which this is an amendment,” &c. S. & C. 1301-2.
The second section provides that “ such certificate shall be acknowledged before a justice of the peace and certified by the clerk of the court of common pleas,” &c. S. & C. 272..
On July 25,1867, the defendants and others, nine in number, undertook to become a body corporate by the name of the “ Ohio Machine Works,” in Hamilton county, and made a certificate specifying the several things required by the statute, but acknowledged the certificate before a notary public of the county, who certified such acknowledgment, under his official seal; and the official character of the notary was-certified to by the clerk of the court of common pleas.
On a proceeding in quo warranto, charging the defendants, with usurping the liberties and franchises of a corporation,— held : That the acknowledgment of the certificate of incorporation before a notary public instead of a justice of the peace is not in conformity with the statute. The general authority *663 of a notary, under the act of 1856, “to take and certify to all acknowledgments,” &c., cannot be taken as applicable to acknowledgments of certificates of incorporation which a subsequent statute provides shall be made before a justice of the peace.
Tapie & Healy (with the attorney general, and J. F. Follett) for the relator:
S. & C. 301-3, sec. 1: 271-2, sec. 2; 873, sec. 8; Const, art. 2, sec. 16; State v. Chase, 5 Ohio St. 528; Straus & Bro. v. Eagle Ins. Co. 5 Ohio St. 59 ; Com’rs of Hamilton county v. Mighles, 7 Ohio St. 109-115; Harbeck v. Toledo, 11 Ohio St. 219, 222, 228; Shoemaker v. Goshen Tp. 14 Ohio St. 569 — 580; Cooley’s Const. Lim. 394, 5, and notes; Bank of Chillicothe v. Swayne, 8 Ohio, 257-286; Same v. Chillicothe, 17 Ohio (2d pt.) 3; The State v. Wash. Soc. Lit. Co. 11 Ohio, 96; Bank of Auburn v. Aiken and Werd, 18 Johns. 137; Fire Dep’t of N. Y. v. Kip, 10 Wend. 266, 268; Receivers of Bank of Circleville v. Renick, 15 Ohio, 334, cases cited in argument: 4 Kent’s Com. (marg.) 125; Ang. & Ames. Corp. (3d ed.) 65, sec. 8. ch. 2; Dwarris on Statutes, (2d Eng. ed.) 668, 669; State ex rel. &c. v. Goetze, 22 Wis. 365; Fund Com’rs of Muskingum Co. v. Glass et al. 17 Ohio, 542; Canal Boat Housatonic v. Kanawha Salt Co. 7 Ohio St. 261; Heirs of Ludlow v. Johnson, 3 Ohio, 564, 5; Dodge v. Gridley, 10 Ohio, 177, 8; Shepler v. Dewey, 1 Ohio St. 335; 9 Cow. 506, 507.
Judgment of ouster.