## Case No. 14,203.

In re TROY WOOLEN CO.

[8 N. B. R. 412.] [1]

District Court, N. D. New York. 1873.

BANKRUPTCY — SET-OFF — COSTS IN CONTESTING VALIDITY OF CLAIM—AGENCY.

1. Where a creditor of a bankrupt, knowing him to be in failing circumstances, agrees to open a new account, irrespective of the old indebtedness, and to account for the proceeds of goods sent him for sale, by turning over the cash or notes received therefor, the creditor cannot, after the petition is filed, set off the amount due

---

[1] [Reprinted by permission.]

by him on the new account against the amount due him on the old account.

2. Where the assignee in bankruptcy, at the instance and request of one creditor, contests the validity of the claim of a second creditor, and the cause is decided adversely to the assignee, the creditor at whose instance the proceedings were instituted will be required to pay all the costs of the proceeding, and the creditor whose claim is thus wrongfully contested may have execution therefor.

3. A party dealing with an agent may resort to the principal to compel performance of the agreement of the agent, unless the contract was made exclusively on the credit of the agent.

This case came before the court upon the joint exceptions of Shepard Tapen, assignee in bankruptcy of the Troy Woolen Company, and the First National Bank of Troy, a creditor of said bankrupt, which exceptions were filed to the report of Worthington Frothingham, Esq., to whom, upon the petition of the said bank, it had been referred, to take the proofs and accounts touching the claim of Cooper, Vail & Co., against said bankrupt, and to hear and determine the legality and amount of such claim, and report his conclusions to the court. The referee, after stating and reporting the facts found by him, reported that on the 28th day of October, 1869, the bankrupt was indebted to Cooper, Vail & Co. in the sum of sixty-seven thousand and twenty-nine dollars and eighty-one cents; and on the 30th day of June, 1870, in the sum of two hundred and twenty-two dollars and forty-one cents, and also that under an agreement referred to in said report, made on the 14th day of September, 1869, and the sales and transactions by virtue thereof, Cooper, Vail & Co. became, on the 10th day of September, 1870, indebted to the creditors of the bankrupt in the sum of nineteen thousand and eighty-four dollars and forty-three cents. To this report twenty-one exceptions were filed by the assignee and the First National Bank of Troy; and a hearing was had upon the report and exceptions, and the testimony, exhibits, books of account and other evidence returned by the referee. The claimants, Cooper, Vail & Co., filed no exceptions to the report. The amount of the claim of Cooper, Vail & Co. was not disputed, but the question in the case was whether they were creditors of the Troy Woolen Company, or were solely creditors of Knowlson & Morgan; the dispute arising from the failure of both Knowlson & Morgan and Cooper, Vail & Co. to keep distinct in their various transactions out of which this indebtedness arose, the difference between the Troy Woolen Company, of which Knowlson & Morgan individually were the sole stockholders, trustees and officers, and the commercial co-partnership of Knowlson & Morgan. An immense mass of evidence was introduced on this question. The evidence established, in the opinion of the judge, that the corporation, the Troy Woolen Company, received the benefit of the advances made by Cooper, Vail & Co., and that Cooper, Vail & Co. did not intend,

in making these advances. to rely exclusively on the credit of the commercial firm of Knowlson & Morgan. Previous to the commencement of proceedings in bankruptcy the Troy Woolen Company had been for some time under the management of a committee of its creditors, and Cooper, Vail & Co. had acted as their agents in the sale of its products in the city of New York, having agreed that "they would receive productions of the Troy Woolen Company, and treat and handle the same as a special and independent account, and in settlement for sales would turn over the cash or the notes received, with their endorsement," and it was under this agreement .that they became indebted in the sum of nineteen thousand and eighty-four dollars and forty-three cents, above stated, to the creditors of the bankrupt (the Troy Woolen Company), for which sum actions were then pending in the state court by the committee of the creditors, and in the United States court by the assignee in bankruptcy of the Troy Woolen Company.

[For prior proceedings in this litigation, see Cases Nos. 14,200–14,202.]

HALL, District Judge. The referee has found, and, I think, properly, upon the evidence, that Cooper, Vail & Co. gave credit to the corporation and not to Knowlson & Morgan exclusively, and the corporation is therefore liable for the amount of their claim. Whether Knowlson & Morgan are not also liable it is not necessary now to decide. That the party dealing with an agent has a right to resort to his principal to compel the performance of an ordinary or verbal contract made by the agent for the benefit and by the authority of his principal, unless the credit was knowingly given exclusively to the agent, was well settled; and this, though the agent contract in his own name, without disclosing his principal, and the other party supposes the agent to be acting for himself only, and it makes no difference that the contract is in such form that the agent is also personally liable. Story. Ag. (6th Ed.) §§ 154, 160a, and notes 161, 266, 270, and particularly sections 444–446a, and notes, and cases cited: Mechanics' Bank v. Bank of Columbia, 5 Wheat. [18 U. S.] 326; Brockway v. Allen, 17 Wend. 40; Bank of Columbia v. Patterson's Adm'r, 7 Cranch. [11 U. S.] 299; Randall v. Van Vechten, 19 Johns. 65; Pentz v. Stanton, 10 Wend. 270, 276. The exceptions to the referee's report are therefore overruled, with costs, and the claim of Cooper, Vail & Co. is allowed at the amounts reported by the referee, subject, however, to such order and disposition as may be made in respect to the claim set up by the assignee against Cooper, Vail & Co. for the balance due for goods consigned under the agreement between Cooper, Vail & Co. with a committee of the creditors of the Troy Woolen Company. It may be that this agreement will be attacked and set aside by some creditor of the company who

was no party to this arrangement, but creditors who were parties to the arrangement are probably estopped from alleging its invalidity. As between the parties to the agreement, Cooper, Vail & Co. are in equity to be held to be trustees for all the creditors, so far that they cannot set off the balance due from them on this special account against the general balance due them from the corporation; and they will be paid no dividends on the claims now allowed, until such dividends equal the amount of the balance due from them on the special account. The proceedings in opposition to the claim of said Cooper, Vail & Co. having been instituted by the First National Bank of Troy, and the reference ordered upon its petition that bank will be ordered to pay Cooper, Vail & Co. their taxable costs and disbursements in these proceedings, and the costs, fees and expenses of the referee and references herein, within twenty days after the taxation thereof, on due notice after the entry of the decree or order herein. and that in case of a failure to pay the same an execution in the nature, and substantially in the form, of a writ of fieri facias, issue for the collection thereof.

━━━

TRUAX (MERCHANTS' NAT. BANK OF HASTINGS v.). See Case No. 9,451.

TRUAX (TUTTLE v.). See Case No. 14,-277.

TRUESDALE (SUYDAM v.). See Case No. 13,656.

TRUESDELL (UNITED STATES v.). See Case No. 16,543