JOHN WILLIAMS *vs.* JOSHUA R. DELANO.

Bristol.  November 1, 1891. — November 25, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Shell Fish — Forfeiture Proceedings — Pendency of Libel — Bar to Action for Conversion.*

Section 68 of the Pub. Sts. c. 91, authorizes any inhabitant of the Commonwealth to take scallops for his family use, without a permit, from the waters of any city or town, and is not restricted by § 95, prohibiting under a penalty the taking of any shell-fish except oysters, without a permit, except by an inhabitant of the place of taking for family use.

The pendency undetermined of a libel, under the Pub. Sts. c. 194, for the forfeiture of a boat, tackle, and other property therein, which are duly seized under the St. of 1885, c. 220, § 6, for a violation of the shell-fishery laws, is a bar to an action by the owner thereof against the seizor for the conversion of the same.

TORT.  The first count was for the conversion of a sailboat, and its tackle and furniture, with four scallop dredges and five bushels of scallops, alleged to belong to the plaintiff, and to be of the value of six hundred dollars.  The second count was for unlawfully seizing the boat and the other property described in the first count, and detaining the same, by which the plaintiff, a fisherman, was deprived of the means of supporting himself and family; all of which was alleged to have been done by the defendant maliciously, and with the intent to injure the plaintiff.  The third count was for arrest and false imprisonment.

At the trial in the Superior Court, before *Pitman*, J., there was evidence that the plaintiff was an inhabitant of the city of New Bedford, and on October 26, 1888, was engaged in taking scallops from their beds within the waters of the town of Fairhaven without a written permit from the selectmen of that town; that the defendant, a constable of that town duly designated by the selectmen under the St. of 1885, c. 220, § 6, to detect and prosecute any violations of the shell-fishery laws within the town, arrested the plaintiff as he was thus engaged, and seized his boat and tackle and other property therein for such violation; that afterwards, within twenty-four hours, the defendant caused the plaintiff to be confined for three or four hours in a police station

at New Bedford, and made a complaint to a district court against him for a violation of the regulations of the selectmen of Fairhaven relative to the taking of scallops, and swore out a warrant against him; that the plaintiff was duly convicted and sentenced in the district court, and appealed therefrom to the Superior Court, which ordered a verdict of not guilty, on the ground that the regulations were invalid, and that the plaintiff had not violated any law of the Commonwealth; that, within fourteen days from the seizure of the boat and such other property, the defendant duly filed a libel in the Superior Court against the same, and the plaintiff duly appeared in such libel proceedings, and filed an answer and claimed the property, which libel was still pending and had never been determined; and that the boat and such other property exceeded in value the sum of one hundred dollars, and were the articles alleged to be converted in the first and second counts in the declaration in this action. The uncontradicted evidence was that the plaintiff was taking such scallops for his own family's use.

The defendant asked the judge to rule that the pendency undetermined of such libel was a bar to the maintenance by the plaintiff of his action on the first and second counts of his declaration; and that the plaintiff was at the time of his arrest engaged in taking scallops within the waters of such town illegally. The judge declined so to rule, but ruled that the pendency of the libel was no bar to the maintenance of the action on the first and second counts of the declaration, and that the plaintiff was not illegally taking such scallops if he was taking the same for his own family's use.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

The case was argued at the bar in November, 1890, and afterwards, in June, 1891, was submitted on the briefs to all the judges except *Lathrop* and *Barker*, JJ.

*L. LeB. Holmes*, for the defendant.

*J. W. Cummings*, for the plaintiff.

KNOWLTON, J. The ruling of the court, that the plaintiff was not illegally taking scallops if he was taking them for his family use, was correct. The Pub. Sts. c. 91, § 68, authorize municipal officers to grant permits for the taking of " eels, clams, quahaugs,

and scallops," within their towns, and provides that any inhabitant of the Commonwealth without such permit may take from the waters of his own or any other city or town eels and the shellfish above named for his own family use.   Section 95 of the same chapter prohibits the taking of " any other shell-fish " than oysters without a permit, except that " every inhabitant of each of said places may, without such permit, take such other shell-fish from the beds therein for the use of his family."   The penalty is a forfeiture of one dollar for every bushel taken.   The defendant contends that, as the plaintiff was not an inhabitant of Fairhaven, the taking of scallops by him in that town for his family use was prohibited by § 95.   It is true that that section includes scallops in the class of other shell-fish, but § 68 designates them specifically, and must be held to except scallops from the provisions of § 95.   That this was the intention of the Legislature is obvious from the circumstances under which the two sections were re-enacted in the same chapter.   Section 68 was a re-enactment of the St. of 1880, c. 200, which expressly repealed acts and parts of acts inconsistent with it, and took scallops out of the operation of the Gen. Sts. c. 83, § 13.   In re-enacting both provisions in the same chapter of the Public Statutes, the Legislature did not intend to change their meaning in this respect.

The defendant asked the court to rule that the pendency undetermined of the libel was a bar to the maintenance by the plaintiff of his action on the first and second counts set out in his declaration; and we are of opinion that the judge should have so ruled.   The defendant was a constable of the town of Fairhaven, designated by the selectmen of the town, under the St. of 1885, c. 220, § 6, to detect and prosecute any violations within said town of the laws of the State relating to shell-fisheries.   This statute provides that " each of said constables so designated may without a warrant arrest any person found violating any of said laws, and detain him for prosecution not exceeding twenty-four hours, and may seize any boat or vessel used in such violation, together with her tackle, apparel, and furniture, with all implements belonging thereto, which shall be forfeited to the use of the town or city in which such seizure is made."   The Pub. Sts. c. 194, provide for proceedings to be taken in any case where goods are forfeited for an offence, and

no special provision is made for the mode of their recovery. These are the proceedings to be taken to enforce a forfeiture for a violation of the laws in relation to shell-fisheries; and the question before us is whether they are exclusive, or whether a claimant of the property may, if he chooses, proceed at common law to recover it or the value of it. The statute requires the person making the seizure to file a libel in the court, stating the cause of the seizure, and provides for a notice to all persons interested, a hearing, and a determination of the cause, with a decree for a forfeiture, restitution, or other disposition of the goods as law and justice may require. "If a claimant appears, he may allege and answer any matter that may be necessary or proper for his defence." § 6. "If the jury find that the seizure was groundless and without probable cause, they shall assess reasonable damages for the claimant, and the court shall render judgment for such damages with costs." § 9. There are other full and specific provisions for the disposition of the case, whether the libellant maintains his suit or not, and the court is authorized to issue not only an execution in common form, but also "such warrants and other processes as may be necessary or proper to carry into effect any other parts of its decree or judgment." § 11. Under § 16, at any time after the seizure of the goods, the owner, or any person entitled or authorized to claim them, may have them delivered to him upon giving the person who made the seizure a bond in double their value, with sufficient surety, conditioned to restore them or to pay their appraised value if they are decreed forfeited. There are also provisions for an appraisement and inventory in all cases, to be made as soon as may be after the seizure, and for a sale by auction when the goods are perishable and liable to depreciate in value by keeping. §§ 18, 20.

We are of opinion that this chapter, in all cases where proceedings for forfeiture are properly taken under it, provides the only mode of determining the rights of owners or claimants of the property seized, and that the person who makes the seizure is not liable to an action at common law, provided he complies with all the provisions of this statute. He is at no time a tortfeasor, but as soon as the property comes into his hands by seizure, and at all times thereafter, it is in the custody of the law.

He is under no greater liability to an action of tort or replevin than one who seizes intoxicating liquors under a search-warrant. *Allen* v. *Staples*, 6 Gray, 491. So long as he follows the direction of the statute, he has a complete justification if he is sued in tort. But if he neglects to comply with the requirements of the law and file a libel, his justification fails. *Tubbs* v. *Tukey*, 3 Cush. 438. *Russell* v. *Hanscomb*, 15 Gray, 166. *Brock* v. *Stimson*, 108 Mass. 520. *Phillips* v. *Fadden*, 125 Mass. 198.

The rights of the owner are fully protected by the provisions of this chapter. He can obtain immediate possession of his property by giving a bond to comply with the order of the court in regard to it; or he may, if he prefers, wait for the final adjudication, when, if the court decides in his favor, there will be a decree for restitution of the property, and a proper process will be issued to carry the decree into effect. If the seizure was groundless and without probable cause, judgment will be rendered in his favor for his damages. The statute is broad enough to allow the court to make any order which is necessary to protect his rights. But if there was probable cause for the seizure, no damages can be assessed if the seizor has in all respects performed his duty in regard to the property.

Decrees rendered under similar statutes and in analogous cases have been held to be conclusive, and exclusive of jurisdiction in other proceedings as to the matters adjudicated. *Gelston* v. *Hoyt*, 3 Wheat. 246, 328, and 13 Johns. 561. *Sailley* v. *Smith*, 11 Johns. 500. *Fire Department of New York* v. *Kip*, 10 Wend. 266. *Stoughton* v. *Mott*, 13 Vt. 175, 15 Vt. 162, and 25 Vt. 668. *The Mars*, 1 Gallison, 192. *United States* v. *Bags of Coffee*, 8 Cranch, 398. *Murray* v. *The Charming Betsy*, 2 Cranch, 64. *The Liverpool Packet*, 1 Gallison, 513. *The Apollon*, 9 Wheat. 362. *The Palmyra*, 12 Wheat. 1, and 10 Wheat. 502. See also *Barnacoat* v. *Gunpowder*, 1 Met. 225; *Whitney* v. *Walsh*, 1 Cush. 29; *Commonwealth* v. *Intoxicating Liquors*, 14 Gray, 375; *Robert* v. *Witherhead*, 12 Mod. 92; *Wilkins* v. *Despard*, 5 T. R. 112; *Warne* v. *Varley*, 6 T. R. 443.

Under a statute of the United States (U. S. Rev. Sts. §§ 975, 976,) it is provided that, when any prosecution shall be commenced on account of a seizure under any act of Congress, and judgment shall be given for the claimants, if it appears to the

court that there is reasonable cause for the seizure, it shall make a certificate thereto, and the claimant shall not be entitled to costs, nor shall the person who made the seizure be liable to an action on account of it, provided the goods seized be forthwith, after judgment, returned to the claimant. In the English law there is a similar provision. This leaves the seizor liable to an action at law, notwithstanding that he complied with the law after the seizure, if the seizure was made without probable cause.

In this respect our statute differs from these by giving the owner or other person entitled to the property his remedy in such a case in the original suit, instead of permitting an action at the common law. But by the decisions in England, and under the statute of the United States, a suit at common law cannot be brought until the termination of the proceedings under the libel, if the seizor, after his seizure, followed the course pointed out by the statute. It would be unjust to subject an officer who has been acting in good faith in an effort to execute the law to a second action to determine his liability while the proceedings under the libel are pending. In ordinary cases it is enough that he is liable to the claimant for all damages in the original suit, and in any conceivable case it would be enough that he should be subject to an action at law after, and not before, the termination of the suit to obtain a forfeiture, if he should fail to comply with the requirements of the statute and restore the property after a decree for restitution, and so should lose the right to plead the statute in justification.

For the decision of this case it is not necessary to go further than to hold that the pendency of the first suit is a bar to the maintenance of the second suit on the first and second counts of the declaration. Whether, if there had been a termination of the first suit by a decree for restitution of the property, and an award of consequential damages for the taking, followed by a failure on the part of the defendant to return the property in obedience to the decree, the plaintiff's remedy for the defendant's default might be through a suit at common law for the seizure, or in some other proceeding, we need not decide.

*Exceptions sustained.*