## COMMONWEALTH *vs.* EDWARD FEENEY.

Suffolk.     March 15, 1915. — May 22, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Shell Fish. Board of Health, State. Commissioners on Fisheries and Game. Constitutional Law, Police power.*

The provisions of R. L. c. 91, §§ 113, 114, that the commissioners on fisheries and game shall prohibit the taking of oysters, clams, quahaugs and scallops from certain defined areas of tidal water and flats upon receipt of a request to that effect from the State board of health, such request being made after that board has determined upon investigation that such areas are contaminated by sewage or other causes, and that any person violating such prohibition shall be subject to a fine, although they give no right to be heard to persons interested in the action of the State board of health, are a valid exercise of the police power by the General Court.

The provision of § 113 above described, that the order of the commissioners on fisheries and game shall prohibit the taking of such shell fish from such contaminated waters or flats "for such period of time as the State board of health may prescribe," does not require that the State board of health in its request nor the commissioners in their order shall state when the prohibition shall cease, but means only that the prohibition shall remain in force until the State board of health becomes satisfied that the contamination has ceased.

COMPLAINT, received and sworn to in the East Boston District Court on September 8, 1914, charging the defendant under R. L. c. 91, §§ 113, 114, with taking clams from flats in the city of Boston from which the taking of clams was prohibited by the commissioners on fisheries and game at the request in writing of the State board of health.

The case was tried before *Dana*, J., upon an agreed statement of facts, material portions of which are described in the opinion.

The defendant offered to prove that the flats from which he took clams were not contaminated, and that the clams so taken were clean and wholesome, and fit for food. The judge excluded the evidence subject to an exception by the defendant.

The defendant asked for the following rulings:

" 1. That upon the foregoing facts the Commonwealth has failed to make out a case against the defendant, and that he is entitled to a verdict of not guilty.

" 2. That no 'period of time' has been prescribed during which the taking of clams from the flats referred to is intended to be prohibited.

" 3. That the acts of the State board of health and of the commissioners on fisheries and game are not in compliance with the requirements of R. L. c. 91, §§ 113, 114, in that the prohibition attempted to be made runs for all time, and not for a prescribed period of time, as required by law, and such acts are therefore void.

" 4. That it does not appear that there has been any valid or legal prohibition of the taking of clams from the flats described.

" 5. That the defendant may prove, as a complete defence to this complaint, that the flats from which said clams were taken by him were not contaminated and that the clams so taken were clean and wholesome, and fit for food."

The rulings were refused. The jury returned a verdict of guilty; and the judge reported the case for determination by this court.

*C. W. Rowley*, for the defendant.

*A. C. Webber*, Assistant District Attorney, for the Commonwealth.

BRALEY, J. The facts not being in controversy, the question of the defendant's guilt or innocence depends upon the validity and meaning of R. L. c. 91, §§ 113, 114.

The general right of the inhabitants from the earliest times to take, within the flats and tidal waters of the Commonwealth, shell fish for the use of their families, while made subject to legislative regulations as to quantity, has never been denied. *Dill* v. *Wareham*, 7 Met. 438, 446, 447. *Commonwealth* v. *Bailey*, 13 Allen, 541. *Williams* v. *Delano*, 155 Mass. 10. R. L. c. 91, §§ 100, 101, 102.

But when in the course of time the density of population had so increased that certain portions of such waters and flats became impregnated with sewage or deleterious substances from manufacturing establishments which affected and poisoned the imbedded shell-fish, the Legislature, apparently for the protection and preservation of the public health, enacted the St. of 1901, c. 138, now R. L. c. 91, § 113, authorizing the State board of health upon complaint to delimit the contaminated area, and authorizing the board to request in writing the commissioners on fisheries and game to prohibit the taking therefrom of oysters, clams, quahaugs and scallops. The commissioners upon receiving the request are required to prohibit the taking of shell fish from the waters thus designated during such period of time as the board shall have prescribed, although by the St. of 1907, c. 285, clams and quahaugs may be taken for bait only, by any person having a permit in writing from the local board of health. See also St. 1911, c. 411, § 10. By § 114, upon the issuance and publication of the order of prohibition its violation is made a misdemeanor punishable by fine.

The statute is a valid exercise of the authority given by c. 1, § 1, art. 4 of the Constitution, to enact "all manner of wholesome and reasonable orders, laws, statutes, and ordinances" even if legislative functions to determine whether the conditions referred to in the statute exist are conferred upon the State board of health without giving to parties who may be interested an opportunity to appear and be heard. *Commonwealth* v. *Sisson,* 189 Mass. 247, 252.

But the defendant contends, that as the order, which must define not only the location of the prohibited territory but the duration of the prohibition, is dependent upon the terms of the "request," the order for the violation of which he has been convicted is void because the request is unlimited in time.

The "period of time" is to be defined in connection with the subject matter and purpose of the statute, the wording of which assumes that the contamination ultimately may cease and the fishery may be resumed safely. It being impossible except from observation and experience to determine when this condition will appear, the board is only required to name definitely the date from which the prohibition is to begin, although it may remain

in force until the board are satisfied that its continuance is no longer necessary.

It moreover is only when the defendant has been deprived arbitrarily of taking uncontaminated shell fish for the sustenance of his family that he can complain of an invasion of his constitutional rights.

The proceedings shown by the record having been in conformity with the statute, the defendant's first four requests properly were denied, and the fifth, not having been argued, is to be treated as waived. By the terms of the report the verdict is to stand, and it is

*So ordered.*